# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 25-6017

_____

In re: Robert Duane Wagner

Debtor

------------------------------

Robert Duane Wagner

*Debtor - Appellant*

v.

Mary R. Jensen, Acting U.S. Trustee

*U.S. Trustee - Appellee*

U.S. Bank National Association

*Creditor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota

_____

Submitted: January 26, 2026
Filed: April 29, 2026
[Published]

_____

Before SURRATT-STATES, JONES, and KULM ASK, Bankruptcy Judges.

_____

PER CURIAM.

This appeal arises from the bankruptcy case of Debtor-Appellant Robert Duane Wagner ("Appellant").

## FACTUAL BACKGROUND

Appellant filed a chapter 13 bankruptcy case on September 3, 2025, in the United States Bankruptcy Court for the District of Minnesota. The bankruptcy court dismissed Appellant's bankruptcy on October 30, 2025. Appellant filed a motion to vacate the dismissal order and a motion for extension of time to file an appeal on November 19, 2025, and the bankruptcy court denied both motions on December 5, 2025. On December 9, 2025, Appellant filed with the bankruptcy court a Notice of Appeal of the orders denying Appellant's motion to vacate dismissal and motion for extension of time to appeal ("Notice of Appeal"). The Bankruptcy Appellate Panel for the Eighth Circuit (the "BAP") entered a briefing schedule on December 8, 2025. On January 21, 2026, a Suggestion of Death was docketed in this appeal by U.S. Bank National Association ("Creditor-Appellee"). On February 5, 2026, the BAP entered an order suspending deadlines in the briefing schedule pursuant to the Suggestion of Death to allow time for any necessary action to be taken by the deceased Appellant's personal representative or any other party.

## DISCUSSION

Federal Rule of Bankruptcy Procedure 8023.1 governs how an appeal may proceed upon the death of a party. Rule 8023.1(a) gives the decedent's personal representative the right to substitute as a party on a motion filed with the court. It further allows for any party to file a suggestion of death with the court if the decedent has no representative. Rule 8023.1 is a relatively new rule which became effective December 1, 2024. It is derived from or modeled after Fed. R. App. P. 43 which allows the court to direct appropriate proceedings, such as dismissal, when the case involves the death of a party. *See Johnson v. Morgenthau*, 160 F.3d 897 (2d Cir. 1998) (where the court dismissed because no personal representative had come forward on decedent's behalf and no suggestion of death was filed but a family

member presented a copy of the death certificate); *Pakosz v. Blinken*, 2023 WL 8519374 (D.C. Cir. Dec. 7, 2023) (where the court dismissed because no party filed a motion to substitute the personal representative for decedent).

Creditor-Appellee filed on the docket a suggestion of death and attached a copy of the obituary of Robert Duane Wagner. From the suggestion of death, it appears Appellant passed away on January 7, 2026. To date, no party has filed a motion for substitution, and no personal representative has come forward on decedent's behalf in this appeal.

## CONCLUSION

Because reasonable time has lapsed since Appellant's death and the filing of the suggestion of death, and no party has come forward to prosecute, the appeal is dismissed without prejudice to right of decedent's personal representative to seek reinstatement of this appeal on decedent's behalf.

_____